IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the matter of the Personal Restraint of | ) | No. 40968-6-III |
| | ) | |
| YILMAR MARTINEZ-GONZALEZ, | ) | UNPUBLISHED OPINION |
| | ) | |
| Petitioner. | ) | |
| | ) | |

FEARING, J. —In this personal restraint petition (PRP) proceeding, Yilmar Martinez-Gonzalez seeks relief from the superior court's failure to decide his GR 39 petition to waive two legal financial obligations (LFOs). He filed the petition to waive the LFOs in December 2024 based on recent statutory amendments, but the superior court has not decided the motion. He now asks this court to waive his LFOs or remand to the superior court to decide his December 2024 petition. The State concedes that Martinez-Gonzales is eligible for waivers and, therefore, does not object to the relief he requests. We direct the superior court to decide Martinez-Gonzales's petition to waive his LFOs.

## STATEMENT OF THE CASE

Yilmar Martinez-Gonzales's May 2023 judgment and sentence, in *State v. Martinez-Gonzalez,* Douglas County Superior Court cause number 21-1-00138-09, ordered him to serve a term of confinement and pay two LFOs:

    (1)     A $100 DNA collection fee; and

    (2)     A $500 crime victim penalty assessment.

Martinez-Gonzales did not appeal the judgment and sentence.

After the time for appealing Yilmar Martinez-Gonzales's judgment and sentence had expired, the legislature eliminated the previously mandated DNA collection fee. RCW 7.68.035(4). The legislature also prohibited a court from imposing the $500 victim penalty assessment on an indigent defendant. RCW 7.68.035(1). The legislature now requires the sentencing court, on the defendant's motion, to waive any DNA collection fee imposed before July 1, 2023, and to waive any crime victim penalty assessment imposed on an indigent defendant before July 1, 2023. RCW 7.68.035(1) (4); RCW 3.43.7541(2); RCW 7.68.035(5)(b).

Yilmar Martinez-Gonzales petitioned to waive his LFOs in December 2024 based on the legislature's amendments. He completed a GR 39 form petition, which asked the court to waive the DNA collection fee and to also waive the crime victim penalty assessment based on his inability to pay because of his indigent status. He mailed the petition, a GR 39 form proposed order, and a declaration of mailing upon the county prosecutor to the Douglas County Superior Court clerk. Martinez-Gonzales also enclosed undisputed affidavits that he is indigent and presently earns $102 per month. The superior court clerk filed the documents on December 4, 2024.

The superior court has yet to address Yilmar Martinez-Gonzales's petition.

No. 40968-6-III
*In re Personal Restraint of Martinez-Gonzalez*

## LEGAL ISSUES

Yilmar Martinez-Gonzales contends that this court should decide the merits of his PRP claim and either waive his LFOs or remand to the superior court to decide the merits to waive his LFOs. He argues that he has satisfied all threshold standards for considering the merits of a PRP regardless of which standard applies. And he maintains that the superior court violated the law by failing to consider his properly filed petition to waive LFOs.

The State does not address which threshold standard applies. The State instead addresses the merits of Martinez-Gonzales's PRP. It concedes that Martinez-Gonzales "is currently eligible for waiver of both fees, so the State has no objection to Petitioner's request" for relief. Response to PRP at 4 (May 9, 2025). The State asks the court to find Martinez-Gonzales indigent and waive his LFOs. Response to PRP at 4 (May 9, 2025).

Martinez-Gonzales's PRP presents three issues:

1.      Which prima facie threshold burden applies to Martinez-Gonzales's PRP?

2.      Does Martinez-Gonzales satisfy the applicable threshold burden?

3.      If Martinez-Gonzales is entitled to relief, what is the proper remedy?

3

## LEGAL ANALYSIS

1.      **Martinez-Gonzales must satisfy the threshold standard for unlawful restraint under RAP 16.4.**

To protect the finality of appealable judicial decisions, a personal restraint petitioner must satisfy a threshold, prima facie burden before the court will consider the merits of the PRP's substantive claim. *In re Personal Restraint of Grantham*, 168 Wn.2d 204, 211, 227 P.3d 285 (2010). A petitioner who claims that a constitutional error has occurred first must demonstrate that the error actually and substantially prejudiced him. *In re Personal Restraint of Grantham*, 168 Wn.2d 204, 211 (2010). A petitioner who claims nonconstitutional error first must show that the claimed error constitutes a fundamental defect that inherently results in a miscarriage of justice. *In re Personal Restraint of Grantham*, 168 Wn.2d 204, 211 (2010). And a petitioner who has had no prior opportunity for judicial review of a claimed error need show only that he is restrained under RAP 16.4(b) and that the restraint is unlawful under RAP 16.4(c). *In re Personal Restraint of Grantham*, 168 Wn.2d 204, 212-13 (2010).

Yilmar Martinez-Gonzales must show that he is restrained under RAP 16.4(b) and that the restraint is unlawful under RAP 16.4(c) because he seeks relief from inaction — not an appealable judicial decision — and he has no other avenue for judicial review. The superior court's inaction occurred after the time to appeal Martinez-Gonzales's

judgment and sentence had expired. And the inaction cannot be appealed because the court did not enter a written decision.

2. **Martinez-Gonzales is under unlawful restraint.**

The court will grant appropriate relief to a personal restraint petitioner if (1) the petitioner is under a restraint; and (2) the restraint is unlawful for one or more of the reasons defined in RAP 16.4(c). RAP 16.4(a). A petitioner is under "restraint" if, for instance, they are confined or have limited freedom because of a decision in a criminal case. RAP 16.4(b).

Yilmar Martinez-Gonzales argues he is under restraint because he is presently confined. While it is true that Martinez-Gonzales is confined, confinement is not the restraint that Martinez-Gonzales contends is unlawful. Martinez-Gonzales instead claims the superior court's failure to act on his petition to waive his LFOs is unlawful. The LFOs that Martinez-Gonzales has petitioned the court to waive are part of his judgment and sentence. And those LFOs continue to limit Martinez-Gonzales's freedom because he is obligated to pay them until the superior court acts on his petition to waive them. He is, therefore, under the restraint of LFOs.

Restraint is "unlawful" for one or more of the seven reasons listed in RAP 16.4(c). RAP 16.4(a). Martinez-Gonzales contends his restraints — that is, his LFOs — are

unlawful for the reasons stated in RAP 16.4(c)(2) and (6). He satisfies RAP 16.4(c)(6)'s standard for unlawful restraint.

Under RAP 16.4(c)(6), restraint is unlawful if the manner of the petitioner's restraint violates state law, including court rules. *See State ex rel. Ralston v. Department of Licenses*, 60 Wn.2d 535, 542, 374 P.2d 571 (1962). Martinez-Gonzales contends that the superior court violated GR 39(e) by failing to consider his petition to waive his LFOs and GR 39(f) by failing to either set his petition for hearing or consider the petition ex parte.

GR 39(e) states that all mailed petitions to waive LFOs "shall be presented to a judicial officer for consideration in a timely manner." GR 39(f) permits the court to either set the petition for hearing or consider the petition ex parte. It is undisputed that the superior court did not consider Yilmar Martinez-Gonzales's petition to waive his LFOs at a hearing or ex parte even though Martinez-Gonzales mailed the petition and the clerk filed it. The petition to waive LFOs requests that the superior court waive the DNA collection fee and the crime victim penalty assessment in accordance with the legislature's amendments to LFO statutes. These amendments no longer authorize the LFOs that Martinez-Gonzales is required to pay; the amendments further mandate the superior court to waive the LFOs on a defendant's motion. RCW 43.43.7541(2); RCW 7.68.035(5)(b).

6

Under the circumstances of this case, the superior court's failure to consider Martinez-Gonzales's petition to waive his LFOs in violation of GR 39 unlawfully restrains Yilmar Martinez-Gonzales from being freed from these obligations, which are no longer statutorily authorized. Martinez-Gonzales is under unlawful restraint and entitled to relief.

**3.    The superior court will consider Martinez-Gonzales's petition to waive LFOs.**

Because Yilmar Martinez-Gonzales has demonstrated that he is under unlawful restraint, he is entitled to appropriate relief. He asks this court to either waive the LFOs or remand to the superior court to consider his petition to waive LFOs on its merits. Meanwhile, the State urges the court to find Martinez-Gonzales indigent and waive his LFOs. Martinez-Gonzales's petition to waive his LFOs is not before this court. It is in the superior court. The superior court must decide Martinez-Gonzales's petition to waive his LFOs.

## CONCLUSION

Martinez-Gonzales's PRP is granted. The superior court shall consider and decide Martinez-Gonzales's December 4, 2024, petition re: legal financial obligations.

No. 40968-6-III
*In re Personal Restraint of Martinez-Gonzalez*


A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Murphy, J.

_____
Lawrence-Berrey, C.J.

8